JOHN B. G. BABCOCK AND DANIEL M. PITCHER, PLAINTIFFS, v. WILLIAM LIBBEY, DEFENDANT.

*False representations — as to a corporation whose term of existence has expired, though its former members still carry on business in its former corporate name.*

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a nonsuit ordered at the circuit.

The plaintiffs, on the 6th of November, 1868, wrote a letter to A. T. Stewart, making inquiries as to the ability of " The Utica Steam Woolen Company " to pay ; to which letter the firm of A. T. Stewart & Co. replied the next day. The defendant is one of that firm. The plaintiffs sue for alleged fraudulent representations contained in the defendant's letter, by which, as they claim, they were induced to sell to that company. Alexander T. Stewart died during the pendency of the action, and George Fox, originally made a party defendant, resided in England, and was not served with process.

The court at General Term said : " The first question arises on the following facts : The Utica Steam Woolen Company was incorporated February 27, 1846, for a period of twenty years, and therefore ceased to be a corporation by its own limitation February 27, 1866. There was a board of trustees in existence when the corporation expired. The business was in fact carried on by Peter Clogher, managing agent, from 1855 till the failure of the company in 1869.

" Both of the parties probably believed, at the time of the correspondence in November, 1868, that the Utica Steam Woolen

Company was then a corporation. The defendant insists that as there was no such corporation in existence at that time, the plaintiff did not in fact sell to the party recommended by the defendant ; and, indeed, that the plaintiffs did not inquire about any party, and the defendant did not reply about any party in existence. Now the difficulty with this argument is, that at the time of the correspondence there were certain persons buying and selling under the name of The Utica Steam Woolen Company. The defendant had dealings with them under that name, and the plaintiffs afterwards sold to them under that name. . The fact, afterwards brought to notice, that these persons were not, at that time, a corporation, might be quite important, if it tended to account for the subsequent failure, and thus to remove any doubt as to the fairness of the defendant's letter. So, too, if the expression of opinion in the defendant's letter depended at all on his belief that the company was a corporation, his mistake in that respect would be very material on the question of fraudulent intent. But still the facts remain that the plaintiffs inquired about the ability to pay of a certain business concern, and the defendants replied in respect to that very business concern, and the plaintiffs subsequently sold to the same business concern. If A. should inquire of B. as to the standing of C. and company, and B. should reply, the identity of the persons as to whom the inquiry and reply were made would not be affected by the fact that both A. and B. were ignorant that H. was a partner in the firm ; or that both were ignorant that H. had retired therefrom. This latter fact might excuse B. for an incorrect statement as to the credit of the firm ; if B.'s opinion of its solvency had rested on the fact that H. was a partner. But if B. had, under such circumstances, fraudulently and with intent to deceive, made false statements as to the ability of the firm to pay, he could not escape on the ground that the firm inquired about had more, or fewer, partners than had been supposed. And so, in the present case, we may give the defendant all the benefit he can ask of his belief as to the existence of the corporation, as far as it may be a justification of his statements as to the credit of the company. But if fraudulently and with intent to deceive these plaintiffs he answered their inquiry as to this company, and

made false statements as to the ability of the company, on the strength of which the plaintiffs sold to this same company, he cannot escape liability for such actual fraud on the ground that both the plaintiffs and himself thought the company was a corporation.

" In making this supposition of the defendant's intent, we do so simply by way of argument on this first proposition. Whether there was really any fraud is a very different question.

" Another point of the defendant, substantially the same in principle, is that the plaintiffs did not sell to the Utica Steam Woolen Company. True, the plaintiffs did not sell to the extinct corporation, which had borne that name. But they did sell to some persons, who used that name in buying and selling, and those persons were the persons about whom, as doing business in that name, the plaintiffs inquired and the defendant answered."

The court, however, upon a review of all the evidence came to the conclusion that there was not evidence to warrant a verdict for the plaintiff, and therefore denied a new trial.

*J. E. Dewey*, for the plaintiffs. *B. D. Hurlburt, Francis Kernan* and *Orlow W. Chapman*, for the defendant.

Opinion by Learned, P. J.

Present — Learned, P. J. and Bockes, J.; Boardman, J. taking no part.

Motion for new trial denied, and judgment ordered for the defendant on nonsuit, with costs.